UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA A. BAUGHER<br><br>　　　　　Plaintiff,<br>　　v.<br><br>KADLEC HEALTH SYSTEM dba REGIONAL MEDICAL CENTER,<br><br>　　　　　Defendant.<br>　---AND---<br>　　v.<br><br>STATE OF WASHINGTON, KADLEC HEALTH SYSTEM dba REGIONAL MEDICAL CENTER, and ALLIANCE FOR CONSISTENT CARE PROGRAM,<br><br>　　　　　Defendants. | NO: 4:14-CV-5118-TOR<br><br>ORDER GRANTING MOTION TO CONSOLIDATE CASES<br><br><br><br><br><br><br>NO: 4:15-CV-5043-TOR |

BEFORE THE COURT is Defendant Kadlec Health System's Motion to Consolidate Cases (4:14-CV-5118-TOR, ECF No. 48). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

ORDER GRANTING MOTION TO CONSOLIDATE CASES ~ 1

Pursuant to Fed. R. Civ. P. 42(a), Defendant Kadlec Health System moves the Court for entry of an order consolidating the case *Baugher v. Kadlec Health Systems, et al.*, 4:14-CV-5118-TOR, with *Baugher v. State of Washington, et al.*, 4:15-CV-5043-TOR. ECF No. 48. Defendant Washington State does not object to consolidation. 4:15-CV-5043-TOR, ECF No. 10. Defendant Alliance for Consistent Care Program has not yet appeared in the case or filed an answer. Plaintiff has filed an objection to consolidation based upon her understanding of a previous Court order. 4:14-CV-5118-TOR, ECF No. 56 ("It was my understanding (best my recollection) that Judge thought my claim of Kadlec EMTALA violation October 6, 2014 was separate from Edie Alert, State of Washington, Alliance etc related matters, notwithstanding Edie Alert might been a "reason" for said 0ct 6, 2014 EMTALA related claims of Baugher etc.").

Under Federal Rule of Civil Procedure 42(a) which governs consolidation, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate cases, the court should "weigh the interest of

ORDER GRANTING MOTION TO CONSOLIDATE CASES ~ 2

judicial convenience against the potential for delay, confusion and prejudice." *Zhe v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010); *see also Huene v. United States*, 743 F.2d 703, 704 *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

The Court determines that consolidation of the cases is appropriate. First, the cases involve the same questions of law and fact. Plaintiff alleges in both cases that on October 6, 2014, she was denied emergency treatment by Defendant Kadlec Health Systems in violation of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd. *See* 4:14-CV-5118-TOR, ECF No. 38; 4:15-CV-5043-TOR, ECF No. 1 (incorporating factual allegations from pleadings in 4:14-CV-5118-TOR). As part of this common allegation, Plaintiff contends that Defendant Kadlec Health Systems improperly relied upon an "Edie Alert" which informed staff not to admit her. *See* 4:15-CV-5043-TOR, ECF No. 2 at 2; 4:14-CV-5118-TOR, ECF No. 4 at 2–3.

Plaintiff's complaint in 4:15-CV-5043-TOR, alleges further violations of the American with Disabilities Act, the Washington Law Against Discrimination, and the Fourteenth Amendment, and names two additional Defendants—Washington State and Alliance for Consistent Care Program—which Plaintiff did not name in her former case. Plaintiff, however, relies upon the same set of factual allegations in both cases.

Plaintiff's objection to consolidation is based upon a misunderstanding of

ORDER GRANTING MOTION TO CONSOLIDATE CASES ~ 3

the Court's previous order.  Plaintiff had filed a motion in 4:14-CV-5118-TOR to declare Washington State law defunding Medicaid unconstitutional.  ECF No. 28.  The Court denied that motion because Plaintiff had not named Washington State as a defendant in the previous action.  ECF No. 30 at 14.  Now that Washington State is a named defendant, Plaintiff can litigate this claim alongside her other claims.

Further, the Court never concluded that Plaintiff's Edie Alert allegations were not related to her EMTALA claims.  Quite the contrary, the Court has understood Plaintiff's EMTALA claim to incorporate her allegations about the improper use of Edie Alerts.  *See* ECF No. 30 at 9 ("The information in the Eddie Alert and its dissemination is related to Plaintiff's EMTALA claim as a potential reason why Plaintiff was denied an emergency evaluation.").  Whether Plaintiff now alleges the Edie Alert is a separate violation of EMTALA or another law does not alter the fact that the factual allegations relating to the Edie Alert are central to both of Plaintiff's cases.

The Court finds that consolidation will reduce delay and confusion in this matter without prejudicing the parties.  Dispositive motions are pending in both cases (4:14-CV-5118-TOR, ECF Nos. 50, 55; 4:15-CV-5043, ECF No. 9).  Consolidation of the cases will allow the Court to hear these motions in conjunction, expediting their resolution.  <u>Consolidation will also reduce confusion, particularly by allowing Plaintiff, who acts *pro se*, to focus all of her arguments</u>

ORDER GRANTING MOTION TO CONSOLIDATE CASES ~ 4

1  and factual allegations into a single case instead of attempting to split them

2  between two related cases.  Finally, consolidation will not prejudice the parties as

3  both matters are in similar procedural postures, involve the same factual

4  allegations, present no conflicts of interest, and because resolution of the cases

5  together will ensure consistency in the findings and conclusions of the Court.

6  **ACCORDINGLY, IT IS HEREBY ORDERED:**

7      1. Defendant Kadlec Health System's Motion to Consolidate Cases (ECF

8         No. 48) is **GRANTED**.

9      2. The cases *Baugher v. Kadlec Health System*, 4:14-CV-5118-TOR, and

10        *Baugher v. State of Washington, et al.*, 4:15-CV-5043-TOR, are

11        CONSOLIDATED as 4:14-CV-5118-TOR.  No further filings shall be

12        made in 4:15-CV-5043-TOR, which file shall be administratively closed.

13        All pleadings therein maintain their legal relevance.  Any further

14        pleadings received by the Clerk of Court for case number 4:15-CV-5043-

15        TOR shall be filed in case number 4:14-CV-5118-TOR.

16     3. The parties in the consolidated action shall abide by the Jury Trial

17        Scheduling Order entered March 12, 2015 at ECF No. 42 in case number

18        4:14-CV-5118-TOR.  Pursuant to Fed. R. Civ. P. 16(b)(4), the dates set

19        forth in that Order may be amended only by Order of the Court and upon

20        a showing of good cause.

1    4.  All remaining pending motions will be heard telephonically on

2         September 1, 2015, at 1:30 p.m, as previously scheduled.

3    The District Court Executive is hereby directed to enter this Order, provide

4 copies to counsel, and administratively **CLOSE 4:15-CV-5043-TOR.**

5    **DATED** July 30, 2015.



                              THOMAS O. RICE
                              United States District Judge

ORDER GRANTING MOTION TO CONSOLIDATE CASES ~ 6